UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACKPOLE INT'L ENGINEERED
PRODUCTS, LTD.,

    Plaintiff/Counter-Defendant,

v.                                                                                       Case No. 17-13748

ANGSTROM AUTOMOTIVE
GROUP, LLC,

    Defendant,

and

ANGSTROM PRECISION
METALS, LLC,

    Defendant/Counter-Plaintiff
_____/

**OPINION AND ORDER OVERRULING DEFENDANTS' OBJECTIONS TO ORDER ON MOTION IN LIMINE**

    Plaintiff Stackpole International Engineered Products, Ltd., brings this breach of contract action against Defendants Angstrom Automotive Group, LLC, and Angstrom Precision Metals, LLC. (ECF No. 25, PageID.503-04.) Plaintiff alleges Defendants agreed to supply auto parts, but abruptly cut off deliveries in breach of their contract. Additionally, Plaintiff seeks claim and delivery for parts produced by Defendants and allegedly paid for by Plaintiff. (*Id.*, PageID.506-07.)

    The court referred pretrial matters to Magistrate Judge Michael J. Hluchaniuk. (ECF No. 64, PageID.2230.) Defendants filed a motion in limine on January 22, 2020 to exclude evidence of threats to cut off supply to Plaintiff, which Magistrate Judge

Hluchaniuk denied on February 27, 2020. (ECF No. 67; ECF No. 72, PageID.2357.) Defendants filed objections to Magistrate Judge Hluchaniuk's order. (ECF No. 80.) Plaintiff filed a response and Defendants replied. (ECF Nos. 81, 82.) The court finds a hearing unnecessary, E.D. Mich. L.R. 7.1(f)(2), and for the reasons provided below, the court will overrule Defendants' objections.

## I. BACKGROUND

Plaintiff and Defendants entered into a contract in 2014 in which Defendants supplied various auto parts to Plaintiff. (ECF No. 61, PageID.2205-06, 2218.) At some point during 2017, Defendants made it known to Plaintiff that they would terminate the agreement. (*Id.*, PageID.2207.) The parties then agreed to a separate "Wind Down Agreement" on June 7, 2017, in which Plaintiff paid a substantial price increase while Defendants continued to supply parts. (*Id.*, PageID.2207-08.) Plaintiff signed the agreement under protest, claiming its own business as a supplier to other automotive companies would be threatened if Defendants withheld shipments. (*Id.*)

Plaintiff argues Defendants did not provide reasonable notice of termination, in violation of Michigan's Uniform Commercial Code, Mich. Comp. Laws § 440.1101, *et seq.* When a contract does not specify the process of termination, which is the case here, the party attempting to terminate must provide reasonable notice. Mich. Comp. Laws § 440.2309(3). (ECF No. 61, PageID.2219-20.)

In an opinion issued on December 3, 2019, the court held that whether Defendants gave Plaintiff reasonable notice of termination is a question of fact. (ECF No. 61, PageID.2220-21.) While analyzing the evidence that led to the court's decision to deny summary judgment, the December 2019 opinion stated:

2

> [Plaintiff] claims the facts leave no genuine dispute as to whether notice was reasonable. However, [Plaintiff's] own complaint admits that [Plaintiff] was notified of the potential threat of ceased shipments in April 2017. Letters and communications between Defendants and [Plaintiff] confirm this. Given that the contract was terminated on June 7, 2017, [Plaintiff] was given over a month's notice, at a minimum.

(*Id.*, PageID.2220 (citations removed).)

Defendants moved on January 22, 2020 to exclude evidence of Defendants' threats to stop supplying Plaintiff parts in early June 2017. (ECF No. 67.) Defendants argued that language in the court's opinion stating "[Plaintiff] was given a month's notice, at a minimum" was a legally binding decision, and any evidence of threats made in June 2017 are inadmissible. (*Id.*; ECF No. 61, PageID.2220.) Magistrate Judge Hluchaniuk denied the motion on February 27, 2020, and Defendants filed objections. (ECF Nos. 72, 80.)

## II. STANDARD

After a Magistrate Judge issues a decision on a non-dispositive motion, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (allowing a district court to "reconsider" non-dispositive orders of a Magistrate Judge that are "clearly erroneous or contrary to law").

"[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

3

"Where there are two permissible views of the evidence . . . [the] choice between them cannot be clearly erroneous." *Id.* at 574.

"[A]n order is 'contrary to the law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). A district court reviews legal determinations of the Magistrate Judge *de novo. Id.*

## III. DISCUSSION

Defendants make four objections to Magistrate Judge Hluchaniuk's decision. They argue the statement "[Plaintiff] was given a month's notice, at a minimum" in the court's December 2019 opinion was a binding legal ruling, thus making threats to cut off supply in June 2017 inadmissible. (ECF No. 61, PageID.2220.) Defendants also argue June 2017 threats are irrelevant to Plaintiff's argument that it signed the Wind Down Agreement under duress; that June 2017 threats are not admissible as *res gestae* evidence; and that any relevance of June 2017 threats is substantially outweighed by risks of unfair prejudice, misleading the jury, and undue delay under Federal Rule of Evidence 403. The court will address each objection in turn.

### A. The Court's Statement in Its December 2019 Opinion

In his opinion denying Defendants' motion in limine, Magistrate Judge Hluchaniuk described the court's December 2019 decision as follows:

> Judge Cleland determined that the original agreement was in fact terminated on June 7, 2017, when the Wind Down Agreement took effect. Judge Cleland also noted, in the same context, that plaintiff had alleged in its complaint that [D]efendants had threatened to cease shipments of parts as early as April of 2017. These findings were made in the course of analyzing the facts and concluding that there were genuine issues of fact in dispute regarding whether reasonable notice of termination had been

4

> given and, therefore, summary judgment was not appropriate. Contrary to [D]efendants' position, the undersigned does not believe Judge Cleland's statement regarding defendants' threat to stop supplying parts in April of 2017 amounts to a ruling, as a matter of law, that notice of termination was given at that time.

(ECF No. 72, PageID.2349 (citations removed).) Magistrate Judge Hluchaniuk's analysis was correct.

When the court made the statement "[Plaintiff] was given a month's notice, at a minimum," it was reviewing Plaintiff's contention that "the facts leave no genuine dispute as to whether notice was reasonable." (ECF No. 61, PageID.2220.) The court was describing why Plaintiff's request for summary judgment on the issue of notice could not be granted. As stated in the December 2019 opinion, "[t]he issue that prevent[ed] this court from reaching complete summary judgment in favor of [Plaintiff] is the element of breach," i.e., reasonable notice. (*Id.*, PageID.2218.) The court had already granted Plaintiff's motion for summary judgement on the issue of Defendant Angstrom Automotive Group's participation in the contract. The analysis that followed merely described why the entirety of Plaintiff's motion could not be granted.

The court pointed to facts on the record that supported the contention that Plaintiff was provided notice of termination at least one month in advance. (ECF No. 61, PageID.2220.) Evidence of a position, sufficient to deny one party's motion for summary judgment, is not equivalent to finding no question of material fact and granting summary judgment for the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (To grant summary judgment, a court must conclude that "a reasonable jury could [not] return a verdict for the nonmoving party."). There are several portions of the record that may prove Plaintiff received notice a month in advance, at a minimum. They

5

include Plaintiff's complaint and letters and communications. (ECF No. 25, PageID.499; ECF No. 56-22, PageID.1413; ECF No. 56-24, PageID.1423; ECF No. 56-25, PageID.1425; ECF No. 56-26, PageID.1427.) Alternatively, there is evidence Plaintiff received notice much closer to the date of the Wind Down Agreement. They include a June 5, 2017 threat Defendants made to withhold parts and the parties' letters and communications in April and May 2017, which could reasonably be interpreted as negotiations and not notifications of termination. *Anderson*, 477 U.S. at 248. (ECF No. 56-22, PageID.1413; ECF No. 56-24, PageID.1423; ECF No. 56-25, PageID.1425; ECF No. 56-26, PageID.1427; ECF No. 69-4, PageID.2286 (description of the June 5 threat: "[I]f we [Defendants] didn't get a wind-down agreement, we would have to hold parts.").) In addition, Plaintiff intends to argue that Defendants *never* gave Plaintiff notice, and simply informed Plaintiff they intend to withhold delivery of parts. (ECF No. 81, PageID.2502.) A reasonable juror could agree. *Anderson*, 477 U.S. at 248. The December 2019 opinion includes no express language setting Defendants' date of notification as a matter of law. Notably, the court did so when discussing other issues. (*E.g.*, ECF No. 61, PageID.2227 ("There is no genuine dispute of fact that a contract was formed and that [Plaintiff and both Defendants] were parties.").)

As the court held in December 2019, the issue of notification is a question of fact for a jury to decide. Fed. R. Civ. P. 56(a). The court will overrule Defendants' first objection.

### B. Relevance of June 2017 Threats to Plaintiff's Defense of Duress

Plaintiff asserted a defense of duress to prevent enforcement of the Wind Down Agreement. In its December 2019 order, the court denied Plaintiff's request for

6

summary judgment on the issue and held there still existed a question of fact. (ECF No. 61, PageID.2225-26.) Defendants argue that their June 2017 threats are not relevant to duress. Magistrate Judge Hluchaniuk reasoned:

> Regarding the duress issue, the statements made by defendants on June 5, 2017, are at the very heart of plaintiff's claim of duress. Without that evidence, there is little or no evidence of duress. To grant defendants' motion in limine would have the effect of denying some of plaintiff's claims including when the notice of termination was given and whether they were subjected to duress prior to signing the Wind-Down Agreement. In ruling on motions in limine, courts must be careful not to turn the motion in limine into a motion for summary judgment.

(ECF No. 72, PageID.2354 (citing *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561-63 (6th Cir. 2013).) The court agrees with Magistrate Judge Hluchaniuk.

First, Defendants argue that June 2017 threats, including the June 5 threat, are not relevant because they occurred after reasonable notice was given. (ECF No. 80, PageID.2464.) Defendants cite back to the court's December 2019 opinion and the contention that the court ruled, as a matter of law, Defendants provided notice at least a month in advance of the Wind Down Agreement's execution. (*Id.*) As the court has already discussed, Defendants incorrectly interpret the court's opinion; a jury may find that notice was given within a month of the execution of the Wind Down Agreement. Thus, Defendants' argument fails on its own terms.

Defendants next argue that, even if the June 5 threat is relevant, it is inadmissible under Federal Rule of Evidence 403. (ECF No. 80, PageID.2464.) Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

7

presenting cumulative evidence." As Magistrate Judge Hluchaniuk stated, "the statements made by [D]efendants on June 5, 2017 are at the very heart of plaintiff's claim of duress." (ECF No. 72, PageID.2354.) In contrast, Defendants specify no unfair prejudice that will result if Plaintiff is able to present the June 2017 threats as evidence of duress, and certainly not enough prejudice to "substantially outweigh[]" the statements' probative value. Fed. R. Evid. 403.

Finally, Defendants cite to a district court opinion, *PNC Bank, Nat'l Ass'n v. Goyette Mech. Co., Inc.*, 140 F.Supp.3d 623, 634 (E.D. Mich. 2015) (Lawson, J.), to argue that the June 2017 threats are not relevant because economic duress requires proof "that the person applying the coercion acted unlawfully." (ECF No. 80, PageID.2364-65.) "Duress exists when one by the unlawful act of another is induced to make a contract or perform some act under circumstances which deprive him of the exercise of free will." *Norton v. Mich. State Highway Dept.*, 315 Mich. 313, 320, 24 N.W.2d 132 (1946) (emphasis added) (quoting *Hackley v. Headley*, 45 Mich. 569, 574, 8 N.W. 511 (1881)); see also *Hungerman v. McCord Gasket Corp.*, 473 N.W.2d 720, 721 (Mich. Ct. App. 1991). "To succeed on a claim of duress, plaintiffs must establish that they were illegally compelled or coerced to act by fear of serious injury to their persons, reputations, or fortunes." *Enzymes of Am., Inc. v. Deloitte, Haskins & Sells*, 523 N.W.2d 810, 814 (Mich. Ct. App. 1994), *rev'd in part on other grounds* 450 Mich. 889 (1995). Evidence of threats of cut off supply of vital auto parts to Plaintiff, including the June 5 threat, are relevant to the determination of whether Plaintiff signed the Wind

Down Agreement "by fear of . . . fortunes."[1] *Id.*; Fed. R. Evid. 401 ("Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence [and] the fact is of consequence in determining the action."). Even if Defendants are correct that Plaintiff must prove Defendants' actions were unlawful, *PNC Bank, Nat'l Ass'n*, 140 F.Supp.3d at 634, threats in June 2017 would be admissible to prove economic coercion. *Norton*, 315 Mich. at 320; *Enzymes of Am., Inc.*, 523 N.W.2d at 814. Of note, Defendants do not contend Plaintiff cannot prove Defendants' actions were illegal. Therefore, the court will overrule Defendants' second objection.

### C. Relevance of June 2017 Threats to *Res Gestae*

Defendants argue the June 2017 threats are not germane to the *res gestae*, or "background evidence," of the case. *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012); *see also Untied States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) (*Res gestae* evidence "has a causal, temporal, or special connection with the [relevant activity]."). Magistrate Judge Hluchaniuk only analyzed the relevance of June 2017 threats to *res gestae* in the alternative, on the chance that the threats are not relevant for some other reason. (ECF No. 72, PageID.2354.) Because the court has found that June 2017 threats are relevant to the timing of Defendants' notice of termination and Plaintiff's defense of duress, an inquiry into *res gestae* is unnecessary. Defendants themselves

---

[1] The court presents this analysis in response to Defendants' arguments and Magistrate Judge Hluchaniuk's reasoning. The analysis in no way affects the parties' stipulated jury instructions, which do not include intricate elements of duress and simply state that "[i]f [the jury] find[s] that [Defendants] did not provide reasonable notice of termination, [Plaintiff] is entitled to recover the amounts it paid under protest." (ECF No. 80-1, PageID.2482.)

9

base their *res gestae* arguments on the premise that the threats are not otherwise relevant to notice or duress. (ECF No. 80, PageID.2465.) The court will overrule Defendants' third objection.

### D.  Admissibility of June 2017 Threats Under Rule 403

Defendants' final objection is that June 2017 threats are inadmissible under the balancing test of Federal Rule of Evidence 403. *United States v. Seymour*, 468 F.3d 378, 385 (6th Cir. 2006) (citations removed) ("Rule 403 . . . balances the probative value of relevant evidence against the danger of unfair prejudice, confusion of the issues, or misleading the jury."). Defendants contend that the threats have little to no relevance because they "occurred well after notice of termination" and "do[] not establish any of the trial issues." (ECF No. 80, PageID.2466-67.) Thus, any mention of the evidence would serve only to create unfair prejudice, confuse the jury, and cause delay. Fed. R. Evid. 403. As described above, Defendants misconstrue the probative value of the June 2017 threats. The evidence of such threats is relevant to the determination of reasonable notice of termination and Plaintiff's defense of duress. The probative value of the evidence is not substantially outweighed by unfair prejudice, the risk of misleading the jury, and the possibility of undue delay. Fed. R. Evid. 403. Defendants' fourth objection will be overruled.

### IV. CONCLUSION

The court did not rule as a matter of law in December 2019 that Defendants provided Plaintiff notice of termination at least one month prior to the execution of the Wind Down Agreement on June 7, 2017. Evidence of Defendants' threats to cease supply of auto parts in June 2017 are relevant to whether Defendants provided

reasonable notice of termination under Mich. Comp. Laws § 440.2309(3) and whether Plaintiff was under duress when it signed the Wind Down Agreement. The risks of unfair prejudice, misleading the jury, and causing undue delay, if there are any, do not substantially outweigh the probative value of the threats. Fed. R. Evid. 403. Accordingly,

IT IS ORDERED that Defendants' "Objection[s] to Order on Motion in Limine" (ECF No. 80) are OVERRULED.

s/Robert H. Cleland            /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: May 20, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 20, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner            /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\17-13748.STACKPOLE.ObjectionstoOrderonMotioninLimine.RMK.docx